STEPHEN P. WEBB *vs.* HARRIET C. NEAL & others.

A city, in its corporate capacity, may act as trustee of a fund left by will, in trust, with a provision that the income thereof shall be expended in the purchase of fuel, "to be given, or sold at low prices, as may be deemed best by the trustees, to such worthy and industrious persons as are not supported in whole or in part at the public expense, but who may need some aid in addition to their own labor to enable them to sustain themselves and their families during the inclement season of the year; such aid to be afforded in the most private manner possible, and the names of the recipients to be withheld from the public."

MERRICK, J. This is an application by the mayor of the city of Salem for the appointment of a trustee to hold and administer a fund bequeathed by David A. Neal in his last will. He therein gave to the mayor and aldermen of the city of Salem the sum of five thousand dollars, of which the interest or income

is from time to time to be expended in the purchase of fuel, " to be given, or sold at low prices, as may be deemed best by the trustees, to such worthy and industrious persons as are not supported in whole or in part at the public expense, but who may need some aid in addition to their own labor to enable them to sustain themselves and their families during the inclement season of the year; such aid to be afforded in the most private manner possible, and the names of the recipients to be withheld from the public." The trustees named in the bill having declined to accept the trust, all parties in interest desire that the city of Salem should be appointed the trustee, if the proper municipal authorities will accept the trust. And the only question now before the court is, whether it is competent for the city in its corporate capacity to assume that responsibility.

Towns are expressly authorized to hold real or personal estate for the public use of the inhabitants, and to make such orders for the disposal or use of corporate property as shall be judged to be necessary or expedient for their interest. Gen. Sts. c. 18, § 9. And it is made their duty to support and relieve all poor and indigent persons lawfully settled therein, when they shall stand in need thereof, and also to provide for the comfort of all other persons residing therein, when they shall fall into distress and stand in need of immediate relief. Gen. Sts. c. 70, §§ 1, 12. The object and purpose of the bequest of Mr. Neal were to aid and assist those persons who without assistance would be likely to become a public charge to the city. The appropriation of the income to be derived from the fund is not limited to any class or portion of the inhabitants of the city other than those who from any cause may be reduced to poverty and want, and stand in need of assistance. The fund, therefore, is to be held for the general use of the inhabitants ; because the use of the fund will be likely on the one side to afford relief to the poor, and on the other to diminish the burden of taxation on the rest of the community for their support. The possession of the fund bequeathed by the testator will to some extent enable the city, for the common benefit of its inhabitants, to accomplish both

of these objects ; and therefore the acceptance of the trust may be considered as fairly within its legitimate corporate power. A decree appointing the city to be the trustee under the will, as prayed for in the bill, is accordingly to be entered.

*W. C. Endicott,* for the petitioner.

*R. S. Rantoul,* for the respondents.